[Crim. No. 1886. Fourth Dist. Oct. 1, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT PIERCE FOLSOM, Defendant and Appellant.

Walter M. Milford, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant appeals from a judgment convicting him on two counts: (1) burning personal property with intent to defraud an insurer (Pen. Code, § 450a); and (2) presenting a false or fraudulent insurance claim (Ins. Code, § 556, subd. (a)).

In the same trial defendant's brother-in-law, Virgil Garrett, was convicted of violating Penal Code, section 450a and Insurance Code, section 556, subdivision (b); he has not pursued an appeal.

In the late afternoon of December 17, 1961, defendant and Garrett were the sole occupants of defendant's 1960 Chevrolet Impala automobile which burned near Julian, California. Defendant's wife was the assured under a fire insurance policy which excluded all coverage while defendant operated the vehicle, the reason apparently being that defendant's driver's license had been suspended. Defendant testified that Garrett was driving at the time the fire originated. Notice of cancellation of the insurance policy had been mailed December 11, to be effective December 22, which was five days after the fire occurred.

While the only witnesses to the fire at the time it started were defendant and Garrett, experts for the People testified the fire started between the front and rear seats, and that a flammable liquid additive was present to encourage the blaze. They concluded the fire could not have started in the engine compartment and any damage in that section resulted from transmitted heat. The defendant and Garrett testified that there was a muffled explosion under the hood as the car was being driven along the road by Garrett, that they stopped the car and sought to extinguish the flames but were unsuccessful as it transmitted to and consumed the balance of the car.

Defendant does not question the sufficiency of the evidence, but bases his appeal on prejudicial misconduct of the district attorney in five particulars: 1) The district attorney commented on defendant's failure to produce a character witness. Garrett had produced a character witness; the People contend that defendant raised the issue by arguing to the jury that only recently he had come to the San Diego community after spending several years in various branches of military service, that this argument immediately followed a discussion relating to Garrett's character witness, thus implicitly excusing defendant's failure to produce a character witness. The complete arguments of counsel in this respect are not presented to us and the excerpts brought to our attention do not clearly support one side or the other. In any event defendant's objection to the remark prompted the court forthwith to instruct the jurors to disregard it, and they are presumed to have done so. (*People* v. *Caetano,* 29 Cal.2d 616, 619-620 [177 P.2d 1].)

2) Defendant contends the district attorney went outside the record in arguing the defendant and Garrett had disconnected the flex hose and coupling leading to the carburetor, from which gasoline was obtained to set fire to the

passenger compartment. Defendant states this was the district attorney's own theory, not that of expert witnesses, which he predicated on the fact that soot was found inside the two ends of the loosened connection which was placed in evidence. The argument was proper. ▮ Counsel on both sides may argue to the jury reasonable opinion inferences to be drawn from the evidence and in this respect discretion is in the trial court to select the boundaries of such arguments. (*People* v. *Miller*, 211 Cal.App.2d 569, 577 [27 Cal.Rptr. 290].) ▮ Here the connection was in evidence, with soot located within each end, from which it might be reasonably argued that it had been disconnected prior to the fire. Furthermore no objection was made to the argument (*People* v. *Kolb*, 174 Cal.App.2d 102, 106 [344 P.2d 316]); and this argument was considered and commented upon by the court in determining the issue of a new trial in defendant's case.

▮ 3) Defendant contends the district attorney improperly cross-examined him concerning the validity of his marriage. Defendant's financial status was at issue in the case as to whether or not there was motive connected with the burning of the car and presenting an insurance claim. He owed his father approximately $2,000, and the car was collateral for a credit union loan of approximately $1,500. Defendant had testified on direct examination that both he and his wife were working, from which it might be implied that more monies were at his disposal than if he were single. We observe no error in this field of examination.

▮ 4) Next, defendant asserts prejudicial error was created by the district attorney in inquiring of defendant, over objection, as to his debts—his financial obligations to a credit union, monies owed by him for gasoline, and other bills. This scope of examination was proper on the issue of motive. Moreover, the record discloses that defendant's answers to the questions in this field generally support a position of good faith on the part of the district attorney.

▮ 5) Lastly, defendant claims prejudice by the admission into evidence of his driver's license revocation order, arguing that this constitutes proof of prior misdemeanor convictions. ▮ He further claims that a request by the district attorney to make visible portions of the revocation order which the court ordered covered constituted prejudicial misconduct. The record demonstrates no prejudice. ▮ Moreover, the defendant's objection to the admission of the revocation order is not persuasive in view of the fact that defendant's

counsel aided in the admission by successfully moving the court to cover portions of the order deemed objectionable. By assisting the court in admitting this evidence, defendant can no more avail himself of the objection at this time than if no objection had been made. (*People* v. *Kolb, supra,* 174 Cal. App.2d 102, 106.)

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.